**The BOARD OF TRUSTEES OF the LELAND STANFORD JUNIOR UNIVERSITY, et al.**

v.

**TYCO INTERNATIONAL LTD., et al.**

**No. CV 00–10584–TJH (RCx).**

United States District Court, C.D. California.

March 18, 2008.

Frederick A. Lorig, Diane C. Hutnyan and Sidford Lewis Brown, attorneys-at-law with Quinn Emanuel Urquhart Oliver & Hedges, Los Angeles, CA, Patrick F. Bright, attorney-at-law with Wagner, Anderson & Bright, Glendale, CA, for plaintiffs.

Brian G. Arnold, attorney-at-law with the firm Kirkland & Ellis, Los Angeles, CA, John M. Desmarais and Jordan N. Malz, attorneys-at-law with the firm Kirkland & Ellis, New York City.

## ORDER GRANTING DEFENDANT LUCENT TECHNOLOGIES INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS; AND (2) DENYING DEFENDANT LUCENT'S MOTION FOR ATTORNEY'S FEES.

ROSALYN M. CHAPMAN, United States Magistrate Judge.

The discovery dispute before the Court is fairly simple and straightforward. Defendant Lucent Technologies Inc. ("Lucent") seeks the production of the settlement agreement plaintiffs and defendant Ciena entered into in this action, as well as the underlying negotiation and drafting documents (collectively "the Ciena agreement"), and plaintiffs oppose the production of the Ciena agreement. The Court, having read all papers, **HEREBY GRANTS** defendant Lucent Technologies Inc.'s motion to compel.

As an initial matter, the Court finds the Ciena agreement is responsive to Lucent's Request no. 95,[1] which seeks "[a]ll documents referring or relating to Plaintiffs' attempts to ... settle any infringement allegation under the Patent–In–Suit or Related Patents (whether or not they concluded in a license), ..., and any other documents relating to the negotiation and/or drafting of any such agreement." In response to this request, plaintiffs made seven boilerplate objections: (i) attorney-client privilege and/or attorney work product doctrine; (ii) relevancy; (iii) overly broad and unduly burdensome; (iv) vague and ambiguous; (v) confidential information from third parties which plaintiffs are obligated to keep confidential; (vi) legal conclusion; and (vii) discovery is ongoing. None of these objections has any merit.[2]

As defendant Lucent aptly notes, the Ciena agreement is relevant to plaintiffs' claims; thus, it comes within Rule 26(b)(1), which provides for discovery of "any nonprivileged matter that is relevant to any party's claim or defense...." *See also Rates Tech. Inc. v. Cablevision Sys. Corp.,* 2006 WL 3050879, *3 (E.D.N.Y.2006) ("[S]ettlement agreements are governed by Rule 26 ...." (citations omitted)). Here, the Ciena agreement is relevant to plaintiffs' claims in paragraph 27 of the First Amended Complaint, wherein plaintiffs allege that "[t]he pioneering nature of the '016 patent has been honored by industry leaders including former defendants Corning, Nortel and Alcatel, each of whom ... ha[s] stipulated to the judgments of infringement, enforceability and validity attached hereto as Exhibits 3–5 and incorporated here by reference." Since plaintiffs have relied upon and cited past settlement agreements to support their claims, the Ciena agreement is clearly relevant.[3] *See Rates Tech., Inc. v. Cablevision*

---

1. The Court, thus, need not determine whether the Ciena agreement also is responsive to Request nos. 90 through 94.

2. This Court, in its previous Orders of October 10, 2007, and November 28, 2007, explained the inadequacy of boilerplate objections such as (i) through (iv) and (vi), and will not do so again.

Additionally, objection (vii) is nonsensical, and not worthy of discussion.

3. The Court, thus, need not determine whether the Ciena agreement also is relevant to plaintiffs' damages claim.

*Sys. Corp.,* 2006 WL 1026044, *1 (E.D.N.Y. 2006) ("During the course of this litigation [plaintiff] has bolstered its claims that its patents are universally accepted by stating that 'over 120 companies have been covered under' the patents, and that [plaintiff] has only had to litigate patent infringement claims 'approximately 25 times out of some 740 covered companies.' Having raised this information to its benefit, [plaintiff] now seeks to bar inquiry into how or why those companies were 'covered.' Simply put, [plaintiff] cannot have it both ways." (citation omitted)), *aff'd,* 2006 WL 3050879, *3 (E.D.N.Y.2006): *Chembio Diag. Sys., Inc. v. Saliva Diag. Sys., Inc.,* 236 F.R.D. 129, 138 (E.D.N.Y.2006). Moreover, "the simple fact that the parties to the settlement agreement agreed to its confidentiality 'does not shield it from discovery.'" *Conopco, Inc. v. Wein,* 2007 WL 1040676, *5 (S.D.N.Y.2007) (citations omitted). This is especially true, here, where "there is a Confidentiality Order in place ... that is more than adequate to protect [plaintiffs'] proprietary information from misuse." *Id.* at *4.

■ Finally, the Court notes there is no federal privilege preventing the discovery of settlement agreements and related documents. *See JZ Buckingham Invest. LLC v. United States,* 78 Fed.Cl. 15, 22 (Fed.Cl. 2007) ("The Court of Appeals for the Federal Circuit has provided little guidance on the extent to which settlement documents are protected from discovery as privileged. Further, there is no consensus among district courts on the existence of a settlement privilege."); *Matsushita Elec. Indus. Co., Ltd. v. Mediatek, Inc.,* 2007 WL 963975, *2–4 (N.D.Cal.2007). As the District Court for the District of Columbia has held:

> Congress clearly enacted [Fed.R.Evid. 408] to promote the settlement of disputes outside the judicial process. [¶] However, it is equally plain that Congress chose to promote this goal through limits on the *admissibility* of settlement material rather than limits on their *discoverability.* In fact, the Rule on its face contemplates that settlement documents may be used for several purposes at trial, making it unlikely that Congress anticipated that discovery

into such documents would be impermissible. As a leading treatise on evidence has explained: [¶] "The policy of allowing open and free negotiations between parties by excluding conduct or statements made during the course of these discussions is not intended to conflict with the liberal rules of discovery embodied in the Federal Rules of Civil Procedure.... Therefore, a party is not allowed to use Rule 408 as a screen for curtailing his adversary's right of discovery." 2 *Weinstein's Federal Evidence* § 408.07 at 408–26 (2005).

*In re Subpoena Issued to Commodity Futures Trading Commission,* 370 F.Supp.2d 201, 211 (D.D.C.2005) (footnote and some citations omitted); *Matsushita Elec. Indus. Co.,* 2007 WL 963975 at *5. For all these reasons, defendant Lucent's motion to compel should be granted.

■ Defendant Lucent also seeks attorney's fees for prevailing on this discovery motion. However, based on the declaration of plaintiffs' counsel, Diane C. Hutnyan, the Court finds defendant Lucent is not entitled to attorney's fees since, before filing the motion, defendant Lucent did not attempt in good faith to obtain the disclosure without court action, as required by Fed. R. Civ. p. 37(a)(5)(A)(i). Ms. Hutnyan's declaration establishes that at the meet and confer with defendant Lucent's counsel, defendant's Lucent's counsel was "referring to a drafted joint stipulation." Hutnyan Decl. ¶ 8. Having prepared a joint stipulation before conferring about the discovery dispute hardly shows a "good faith" attempt to avoid court action.

### ORDER

1. Defendant Lucent Technologies Inc.'s motion to compel **IS GRANTED,** and plaintiffs are ordered to produce to Lucent the Ciena agreement (as defined herein), no later than ten (10) days from the date of this Order.

2. Defendant Lucent Technologies Inc.'s request for reasonable expenses **IS DENIED.**